Cheryl PARR, Plaintiff–Appellant,

v.

Diane EUBANKS; John Golaszewski; Michigan Department of Civil Rights, Detroit Branch, Defendants–Appellees.

No. 01–1040.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

Before CLAY, GILMAN, and WALLACE,* Circuit Judges.

Cheryl Parr, a Michigan resident proceeding pro se, appeals the district court order dismissing her civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Parr sued Michigan Department of Civil Rights ("MDCR") employees Diane Eubanks and John Golaszewski and the MDCR. Parr alleged that the defendants violated her Fourteenth Amendment right to equal protection by forcing her to withdraw a discrimination complaint she had filed against her employer. The defendants filed a motion to dismiss for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6). The magistrate judge held an evidentiary hearing and recommended granting the motion to dismiss. The district court adopted the magistrate judge's report and recommendation over Parr's objections and dismissed the case.

In her timely appeal, Parr argues that the district court erred by dismissing her complaint because: (1) the MDCR could have asked the Equal Employment Opportunity Commission ("EEOC") or another government agency for assistance in investigating her charge of discrimination; and (2) the district court did not address her allegation that she suffered mental anguish.

Upon de novo review, we conclude that the district court properly granted judgment to the defendants. *See Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997). We review the district court's ruling under the summary judgment standard because the district court considered materials in the record outside of the pleadings. *See* Fed.R.Civ.P. 12(b); *Fugarino v. Hartford Life and Accident Ins. Co.*, 969 F.2d 178, 182 (6th Cir.1992). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Parr failed to state a Fourteenth Amendment equal protection claim because she presented absolutely no proof that the defendants purposefully discriminated against her. *See McCleskey v. Kemp*, 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987); *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir.1990). Parr alleged that she went to the MDCR in February 2000 to file a discrimination charge against her employer. Eubanks was assigned to Parr's case, and Golaszewski was Eubanks's supervisor. In March 2000, Eubanks and Golaszewski advised Parr to withdraw her MDCR complaint so that Parr could obtain a right-to-sue letter from the EEOC. Parr's entire case appears to stem from a misunderstanding. What Parr interpreted as pressure to drop

---

* The Honorable J. Clifford Wallace, United States Circuit Judge for the Ninth Circuit, sitting by designation.

her complaint was simply the MDCR's explanation for how to pursue a discrimination case in court. Although Parr may not have been satisfied with the MDCR's handling of her complaint, there is nothing in the record to suggest that the defendants deprived Parr of equal protection or any other federally protected right. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Because there were no genuine issues as to any material fact, the defendants were entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.